**Armand KARIJOMENGGOLO, Amat Karijomenggolo, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Respondent.

No. 04–4900–AG.

United States Court of Appeals,
Second Circuit.

March 20, 2006.

Cyrus D. Mehta, Cyrus D. Mehta and Associates, P.L.L.C., New York, New York, for Petitioner.

John L. Brownlee, United States Attorney for the Western District of Virginia, Thomas L. Eckert, Assistant United States Attorney, Roanoke, Virginia, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's opinion is REVERSED and the case is REMANDED in order for the BIA to determine whether to exercise its discretion in granting Petitioners' valid asylum claim.

Armand and Amat Karijomenggolo, through counsel, petition for review of a Board of Immigration Appeals ("BIA") opinion affirming an Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal and relief under the Convention Against Torture

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

("CAT"). We assume the parties' familiarity with the underlying procedural history and facts.

Where, as here, the BIA issues an independent opinion, "the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) (quoting *Niam v. Ashcroft*, 354 F.3d 652, 655 (7th Cir.2004)). However, we review the BIA's application of legal principles to undisputed facts *de novo*. *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000).

■ Here, the BIA began its analysis of the Karijomenggolos' eligibility for asylum by presuming that they suffered past persecution. The BIA cited 8 C.F.R. §§ 1208.13(b)(1)(i)(A) and 1208.16(b)(i)(A), which govern how the presumption of a well-founded fear based on past persecution may be rebutted. However, the BIA erred in holding that it was incumbent on the Petitioners to prove that they continued to possess a well-founded fear of the "new" regime in Suriname; as the regulations explain, it was the government's burden of proof to show that country conditions had fundamentally changed in order to rebut the Karijomenggolos' presumption of a well-founded fear.

The facts of the Karijomenggolos' claims are not disputed. The BIA found the couple's testimony to be credible and relied on the Petitioners' evidence, including their expert witness. Although Bouterse's power may have substantially diminished since the 1990's, the government did not show that a fundamental change had occurred such that he would be unable to use his substantial influence to persecute the Karijomenggolos. We reach this conclusion based on the BIA's findings that (1) Bouterse "now operates a large and powerful drug trafficking organization ... and is an active member of the opposition political party," (2) the Karijomenggolos "may fear [that] Mr. Bouterse, with his vast financial resources, will seek to harm them in order to prevent them from testifying against him" and (3) Bouterse "retained influence with some military officers."

■ We reject the BIA's conclusion that the Karijomenggolos failed to establish that they were persecuted or fear persecution on account of a protected ground. This Court has recently held that an imputed political opinion, whether correctly or incorrectly attributed, can constitute a ground of political persecution. *Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir. 2005). In a case analogous to the Karijomenggolos', we held that a petitioner's attempt to oppose a government's economic practices manifested a political opinion based on the "political context" in which the dispute leading to persecution took place. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 547 (2d Cir.2005). We found that "[w]here the dispute is such that the asylum seeker did not merely seek economic advantage but mounted a challenge to the legitimacy and authority of the ruling regime itself, and where the applicant can show that this 'political threat' is the motive for the persecution perpetrated or feared, the applicant can meet the definition of a 'refugee.'" *Id.*

The reasoning in *Zhang* may be analogized to the present case even though *Zhang* only discussed actual political opinion and the Karijomenggolos' claim is based on their imputed opinion. As articulated in *Zhang*, the event that led to the persecution of the Karijomenggolos had a definitive political dimension. First, according to the Karijomenggolos' credible statements and the State De-

partment Report, Bouterse is the former military dictator of Suriname, and he remains a powerful politician who leads a criminal syndicate and has close ties to military officers. Second, the Karijomenggolos allege that they witnessed Bouterse's political assassination of Police Inspector Herman Gooding, the man who was leading an investigation against Bouterse for drug-trafficking and other crimes. Finally, the Karijomenggolos' potential testimony challenged the legitimacy and authority of a man who was politically and militarily influential in Suriname, and this appeared to be the motivation for the persecution they experienced. Therefore, the Karijomenggolos have proven that their well-founded fear of persecution is on account of their imputed political opinion.

Accordingly, the Karijomenggolos' petition for review is GRANTED, the BIA's asylum determination is REVERSED and the case is REMANDED to the BIA in order for it to determine whether to exercise its discretion in granting Petitioners' valid asylum claim. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).